IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Sterling, Winchester & Long, L.L.C., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-297C |
| | ) | (Senior Judge Margolis) |
| United States | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

1. The allegations contained in paragraph 1 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegations that the United States Postal Service (USPS) entered into a contract with Sterling, Winchester & Long, L.L.C. (SW&L), contained in paragraph 2. Denies the allegations contained in paragraph 2 that the contract permitted SW&L to distribute licensed calendars through USPS marketing channels in exchange for royalty payments made by SW&L to USPS. Admits the remainder of the allegations contained in paragraph 2 to the extent supported by the contract referred to in paragraph 2, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Denies.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first and second sentences of paragraph 6.

Admits the remainder of the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 that Equity Management, Inc. (EMI) was under contract with the USPS to assist it in negotiating and developing Contract No. 102592-01-U-1173 (the Contract); denies the allegations contained in paragraph 7 that EMI was USPS's agent in negotiating and developing the Contract.

8. Admits the allegations contained in the first sentence of paragraph 8. Admits the remainder of the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no

response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies.

15. Admits the allegations contained in the first sentence of paragraph 15. Admits the remainder of the allegations contained in paragraph 15 to the extent supported by the unsolicited proposal referred to in paragraph 15, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegation contained in paragraph 16 that, in response to SW&L's proposal, the USPS directed SW&L to contact EMI; denies the allegation that EMI is the USPS's agent.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the remainder of the allegations contained in paragraph 17 to the extent supported by the application referred to in paragraph 17, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Denies. Defendant avers that, although the September 17, 2001 e-mail message contains the statement plaintiff has quoted, the e-mail message does not confirm that the Contract authorized distribution as alleged. In any event, EMI is an independent contractor, not an agent of the USPS. Therefore, EMI could not bind the USPS.

19. Admits.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. The allegation contained in the first sentence of paragraph 21 that the July 28, 2004 letter constitutes a claim is a conclusion of law to which no response is required; to the

extent it may be deemed an allegation of fact, it is denied. Admits the remainder of the allegations contained in the first sentence of paragraph 21 to the extent supported by the July 28, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 21. Admits the allegations contained in the second sentence of paragraph 21. Admits the allegations contained in the third sentence of paragraph 21 to the extent supported by the October 29, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 21.

22. Admits. Defendant further avers that SW&L terminated the license agreement in April 2002 and, after that, did not request access to USPS retail channels.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Denies.

25. Denies.

26. Denies that the plaintiff is entitled to the relief set forth in paragraphs (a), (b), and (c), or to any relief whatsoever.

27. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S COUNTERCLAIM

1. The Initial Contract term was from July 1, 2000, through December 31, 2004. Paragraph 9 of the Contract requires SW&L to pay "Guaranteed Minimum Royalties" of $50,000 for each "Contract Period 2," "1/1/03-12/31/03," and "Contract Period 3," "1/104-12/31/04." Paragraph 4.b of the General Provisions of the Contract states that "[i]f this Agreement is terminated as a result of a material breach of the Agreement by the Licensee, the

greater of all Guaranteed Minimum Royalty Payments and/or earned Royalty Payments due for the remainder of the Initial Term of the Agreement and any agreed-upon renewals thereof shall immediately become due and payable."

2. On April 11, 2002, SW&L's representative, Mr. J.G. Long, sent a letter to the USPS stating his intention to terminate the Contract within 30 days due to what Mr. Long alleged was "the breach by USPS of the material terms of the License Agreement."

3. The USPS did not breach any of the materials terms of the Contract.

4. SW&L's notice of its intent to terminate the Contract constituted an anticipatory breach of the Contract.

5. SW&L's breach was material.

6. In his final decision issued on October 29, 2004, the Contracting Officer asserted the USPS's right to collect $100,000 as a result of SW&L's breach of the Contract.

7. SW&L has not paid the Guaranteed Minimum Royalties for Contract Period 2 and Contract Period 3.

8. Defendant is entitled to damages for plaintiff's anticipatory breach of the Contract in the amount of $100,000.

WHEREFORE, defendant requests that the Court enter judgment:

a. Dismissing the complaint against defendant with prejudice;

b. Awarding defendant $100,000 in damages; and

c. Awarding defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282
Facsimile: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Christopher J. Burton
United States Postal Service
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260-1127

JUNE 7, 2005

CERTIFICATE OF FILING

I hereby certify that on 7th day of JUNE, 2005, a copy of the "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd