IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STERLING, WINCHESTER & LONG, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-297C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, Paragraph 4, the parties hereby submit this joint preliminary status report.

**a. Does the Court have jurisdiction over the action?**

It is plaintiff's position that the Court possesses jurisdiction to entertain its complaint. As of this time, defendant is not aware of any reason to challenge the Court's jurisdiction to entertain plaintiff's complaint.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The parties do not believe that a remand or suspension will be sought.

**f. __Will additional parties be joined__?**

The parties do not anticipate at this time that additional parties will be joined.

**g. __Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56__**?

After the parties have conducted discovery, they will be in a better position to determine whether the filing of dispositive motions for summary judgment pursuant to Rule 56 is appropriate in this case.

**h. __What are the relevant factual and legal issues__?**

The parties identify the following factual and legal issues:

1. Whether, in negotiating the License Agreement, Equity Management, Inc., acted as an agent of the United States Postal Service (USPS).

2. Whether the License Agreement required the USPS to allow the plaintiff to distribute calendars containing certain postage stamp designs through USPS outlets.

3. Whether the USPS breached the License Agreement.

4. If the USPS breached the License Agreement, whether plaintiff is entitled to recover lost profits and other damages it has claimed as a result of the USPS's alleged breach and, if so, in what amount?

5. Whether the plaintiff breached the License Agreement by failing to make the royalty payments for Contract periods 2 and 3.

**i. __What is the likelihood of settlement? Is alternative dispute resolution contemplated__?**

Settlement of this lawsuit does not appear likely at this time. However, the parties will explore settlement options as the parties conduct discovery and prepare dispositive motions.

**j. <u>Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor</u>?**

If settlement discussions are not successful or the parties' RCFC 56 summary judgment motions do not resolve this matter, the parties expect to proceed to trial. The parties agree that expedited trial scheduling is not appropriate.

**k. <u>Are there special issues regarding electronic case management needs</u>?**

The parties are not aware of any special issues regarding electronic case management needs.

**l. <u>Is there other information of which the Court should be aware at this time</u>?**

None at this time.

**m. <u>Joint Proposed Scheduling Plan</u>.**

The parties could not agree upon a joint proposal for scheduling. Therefore, they submit separate proposals for the Court's consideration in scheduling the proceedings in this case:

**<u>Plaintiff's Proposed Schedule</u>**

Plaintiff proposes that the parties will exchange their initial disclosures pursuant to RCFC 26(a) on or before September 30, 2005. Plaintiff proposes that the parties will voluntarily exchange documents until October 31, 2005, and engage in written discovery and the discovery of fact witnesses through February 28, 2006. Plaintiff will identify its expert(s) by the close of fact discovery on February 28, 2006. Upon the close of fact discovery, expert discovery will begin. By March 24, 2006, plaintiff will submit to defendant all expert reports in the manner and form required by Rule 26(a)(2). Defendant will identify its expert(s) by April 21, 2006. By May 24, 2006, defendant will submit to plaintiff all expert reports in the manner and form required by

Rule 26(a)(2). The parties will conclude expert discovery by June 23, 2006. On or before June 30, 2006, the parties will file a joint status report with the Court proposing further proceedings.

**Defendant's Proposed Schedule**[1]

Defendant proposes that the parties will exchange their initial disclosures pursuant to RCFC 26(a) on or before October 4, 2005. Defendant proposes that the parties will voluntarily exchange documents until November 30, 2005, at which time they propose to engage in written discovery and the discovery of fact witnesses through May 26, 2006. Plaintiff will identify its expert(s) by the close of fact discovery on May 26, 2006. Upon the close of fact discovery, expert discovery will begin. By June 30, 2006, plaintiff will submit to defendant all expert reports in the manner and form required by Rule 26(a)(2), including all supporting documentation, spreadsheets, calculations, and formulas supporting damages calculations and spreadsheets, in hard copy and electronically; iterations of prior drafts need not be submitted. The Government will identify its expert(s) by July 28, 2006. By September 29, 2006, defendant will submit to plaintiff all expert reports in the manner and form required by Rule 26(a)(2), including all supporting documentation, spreadsheets, calculations, and formulas supporting damages calculations and spreadsheets, in hard copy and electronically; iterations of prior drafts

---

[1] At the same time that plaintiff proposes the taking of discovery in this case, the Government's counsel of record is already scheduled to conduct discovery in three other cases, with discovery scheduled to close in one case, St. Christopher Associates, L.P. v. United States, No. 04-2221C (Fed. Cl.), in December 2005, and with discovery scheduled to close in two other cases, Rose Acre Farms, Inc. v. United States, No. 92-710C (Fed. Cl.), and City of Tacoma v. United States, No. 05-194C (Fed. Cl.), in March 2006. In addition, defendant is required to file its cross-motion for summary judgment in St. Christopher Associates, L.P. v. United States, No. 04-2221C (Fed. Cl.), on January 27, 2006, and its opposition and reply brief in that case on March 31, 2006. Moreover, counsel for defendant anticipates that the Court will schedule matters in several other cases assigned to her during the period of time in which plaintiff proposes to conduct discovery in this case.

need not be submitted. The parties will conclude expert discovery by December 15, 2006. On December 22, 2006, the parties will then file a joint status report with the Court proposing further proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Frederick L. Wright
FREDERICK L. WRIGHT
Vaughn, Wright & Stearns LLP
One Paces West – Suite 1740
2727 Paces Ferry Road, N.W.
Atlanta, GA 30339
Tele: (770) 805-9889
Facsimile: (770) 805-9191

Attorney for Plaintiff

DATE: 8/31/05

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282
Facsimile: (202) 514-8624

OF COUNSEL:

CHRISTOPHER BURTON
United States Postal Service
475 L'Enfant Plaza, S.W.,
Washington, DC 20260

Attorneys for Defendant

DATE: 9/2/05

CERTIFICATE OF FILING

I hereby certify that on 2nd day of SEPTEMBER, 2005, a copy of the "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd