IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STERLING, WINCHESTER & LONG, L.L.C., | : | |
| Plaintiff, | : | |
| v. | : | No. 05-297C (Senior Judge Margolis) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

AFFIDAVIT OF JOHN G. LONG

STATE OF GEORGIA
COUNTY OF COBB

PERSONALLY APPEARED before the undersigned attesting officer, duly authorized to administer oaths in the State and County aforesaid, JOHN G. LONG, who, after being sworn, did depose and state as follows:

1. My name is John G. "J.G." Long. I am more than 18 years old and I am competent to testify to the matters stated herein. All statements herein are made from or based upon my personal knowledge.

2. I am the Chief Managing Officer ("CMO") and President of Sterling, Winchester & Long, L.L.C. ("SWL"), the plaintiff in the above-styled action. As CMO and President of SWL, I am responsible for the day-to-day management of the company. I am familiar with the transactions and activities of SWL and I am the custodian of the records of SWL. I have been closely involved in every facet of SWL's dealings with the United States Postal Service ("USPS") that form the subject matter of this action.

3. In March 2000, SWL submitted to USPS an unsolicited proposal to produce official, licensed USPS calendars. After receiving that proposal, USPS referred SWL to Equity Management, Inc. ("EMI"), which USPS indicated was USPS' agent for negotiating agreements involving the sale of products bearing USPS copyrighted images or marks.

4. SWL entered into negotiations with EMI and provided EMI with information indicating that SWL planned to use USPS facilities as distribution channels for SWL's calendars. During the negotiations, EMI indicated that USPS branch post offices could not be included as a distribution channel.

5. In December 2000, SWL requested that USPS Philatelic Centers be included as a distribution channel. Attorney Robin Stemen of EMI agreed to that request and sent me a proposed agreement that added "Philatelic centers" as a distribution channel.

6. In January 2001, SWL and USPS executed a License Agreement, a true and correct copy of which is attached hereto as Exhibit A.

7. On March 2, 2001, I contacted USPS Contracting Officer Diane Fagan about making arrangements for the distribution of SWL's calendars through the USPS Philatelic Centers and Philatelic Catalog, both of which are identified in the License Agreement as distribution channels for SWL's calendars. Ms. Fagan told me that those USPS distribution channels should not have been included in the License Agreement and that they were not available, and would not be available, to SWL for the distribution of SWL's calendars.

8. After my March 2, 2001, conversation with Ms. Fagan, SWL continued to seek access to the USPS distribution channels identified in the License Agreement, but USPS refused to allow SWL to use those USPS distribution channels in any way.

9. By letter to USPS and EMI dated November 23, 2001, a true and correct copy of which is attached hereto as Exhibit B, SWL again requested immediate access to the USPS Philatelic Centers and Philatelic Catalog and advised USPS that SWL considered denial of access to those distribution channels to be a breach of the License Agreement. Thereafter, USPS continued to refuse access by SWL to those USPS distribution channels.

FURTHER AFFIANT SAYETH NOT.

JOHN G. LONG

Sworn to and subscribed before me
this 30 day of October, 2007.

NOTARY PUBLIC
My commission expires:

LYNDA J. MANLEY
Notary Public, Paulding County, Georgia
My Commission Expires July 31, 2010