9. **Termination:**

a. Without prejudice to any other rights, and in addition to any termination rights provided elsewhere in this Agreement, USPS shall have the right to terminate this Agreement upon written notice to Licensee at any time if:

(1) Licensee shall fail to make any payment due hereunder, which such payment is not in dispute, or to deliver any of the statements herein referred to, and if such default shall continue for a period of ten (10) calendar days after written notice of such default is given in accordance with Section 17, below;

(2) Licensee shall fail to perform any other material term or condition of this Agreement and, unless otherwise provided herein, does not cure such failure within thirty (30) calendar days after written notice is given in accordance with Section 17, below; or

(3) Licensee files a petition in bankruptcy, or is adjudicated a bankrupt, or if a petition in bankruptcy is filed against Licensee, or if Licensee becomes insolvent, or makes an assignment for the benefit of its creditors or an arrangement pursuant to any bankruptcy law, or if Licensee discontinues its business, or if a receiver is appointed for Licensee or its business. In the event this Agreement so terminates, neither Licensee nor its receivers, representatives, trustees, agents, administrators, successors, and/or assigns shall have any right to manufacture, distribute, sell, exploit or in any way deal with any of the Licensed Articles except with and pursuant to USPS' prior written consent.

b. Licensee shall have the right to terminate this Agreement upon thirty (30) days prior written notice to USPS given in accordance with Section 17, below, if USPS

shall fail to perform any material term or condition of this Agreement unless, within the notice period, USPS cures the breach or provides Licensee with notification that the breach cannot reasonably be cured within that period and provides reasonable assurances that the breach will be cured in a period acceptable to Licensee.

c. Termination of this license under the provisions of this paragraph shall be without prejudice to any rights that either party may otherwise have against the other party.

d. Upon the termination of this Agreement by USPS, notwithstanding anything to the contrary herein, all royalties on sales theretofore made shall become immediately due and payable and no Royalty Payments and Guaranteed Minimum Royalties shall be repayable, and any balances owed on Guaranteed Minimum Royalties shall be immediately due and payable. Notwithstanding any termination or expiration of this Agreement, USPS shall have and hereby reserves all rights and remedies which it has or which are granted to it by operation of law, to enjoin the unlawful or unauthorized use of the Licensed Properties.

10. <u>Disposal of Stock/Sell-Off Period</u>:

a. After expiration or termination of this Agreement, Licensee shall have no further right to manufacture, advertise, distribute, sell, or otherwise deal in any Licensed Articles except as hereinafter provided.

b. It is specifically understood that Licensee shall not sell or dispose of any such Licensed Articles in job lots at reduced prices, other than is customary in the ordinary course of business.

c. After expiration or termination of this Agreement, the parties shall follow the procedures set forth below:

(1) Licensee shall prepare a complete, written inventory list and submit same to USPS within ten (10) days of the expiration or termination of this Agreement. Such list must include orders on hand, work in process, and finished Licensed Articles.

(2) USPS shall have thirty (30) days thereafter to decide whether to purchase any or all inventory at the lower of Licensee's cost or fair market value. If USPS exercises such right of purchase, Licensee shall deliver the inventory referred to in USPS' notice of purchase within ten (10) days after USPS' said notice with the exception of inventory necessary to fulfill orders on hand. USPS shall pay Licensee for such delivered inventory as is in marketable condition within thirty (30) days after its receipt thereof.

(3) If USPS does not elect to purchase any or all of the inventory as set forth above, Licensee, on a non-exclusive basis, may dispose of Licensed Articles which are on hand or in process at the time of such expiration or termination, for a period of not more than ninety (90) days thereafter, provided all royalty payments with respect to that ninety (90) day period are made in accordance with provisions herein. Licensee shall have no right to dispose of Licensed Articles if this Agreement is terminated under Paragraphs 9.a.1, 9.a.3 or 9.a.4 herein.

d. Except as specifically provided in this Agreement, on the expiration or termination of this Agreement, all of the rights of Licensee under this Agreement shall terminate herewith and shall revert immediately to USPS. All royalties on sales made shall become immediately due and payable, and Licensee shall discontinue all use of

the Licensed Properties and shall promptly transfer to USPS, free of charge, all registrations, filings and rights with regard to the Licensed Property which Licensee may have possessed at any time. The underlying rights, including but not limited to any and all trademarks and copyrights to all artwork, photographs, drawings, illustrations, forms, patterns and similar items developed by Licensee in the manufacture, sale or distribution of Licensed Articles, are the property of USPS.

11. **Dispute Resolution:** If a dispute arises out of or relates to this Agreement, or the breach thereof, and if the dispute cannot be settled through direct discussions, the parties agree first to endeavor to settle the dispute in an amicable manner by negotiation between the parties at the level of contracting officer. If the dispute cannot be settled at that level within 30 calendar days of the start of such negotiations, then the parties may, by mutual agreement, conduct a non-binding mediation proceeding under such rules and procedures as they may agree upon. Thereafter, any unresolved controversy or claims arising out of or relating to the Agreement, or the breach thereof, may be brought by a party in the appropriate judicial forum as further defined herein.

12. **Consent To Jurisdiction:** With respect to any suite, action or other proceeding relating to the Agreement that has not been resolved by negotiation or mediation (collectively "Proceedings"), the parties each irrevocably submit to the exclusive personal jurisdiction of the United States District Court for the District of Columbia and waive any objection that it may have at any time to the laying of venue of any Proceedings brought in such court, waive any claims that such Proceedings have been brought in an inconvenient forum and further waive claims the right to object, with

respect to such Proceedings, that such court does not have personal jurisdiction over such party.

13. **Choice Of Law:** This Agreement shall be governed by and construed in accordance with principles of federal common law, or if there is found to be no such common law, then the law of the State of New York. Further, the parties each agree and acknowledge that neither the provisions of the USPS Purchasing Manual nor the Contract Disputes Act of 1978, 41 USC §601 et seq., shall apply to this Agreement, and the parties waive any and all express and implied remedies, recourse or administrative procedures provided or created thereby.

14. **Indemnification:** Excluding claims based upon use of those Licensed Properties identified by USPS in Exhibit E as being wholly owned, Licensee agrees to defend, indemnify and hold USPS and/or any of its agents and assignees harmless against any and all claims, demands, causes of action, liability, loss, damage, judgments or expense (including reasonable attorneys' fees and court costs) arising out of Licensee's design, manufacture, distribution, shipment, labeling, sale, distribution, advertisement, or promotion of the Licensed Articles or the labeling, packaging, advertising and promotional materials for the Licensed Articles. USPS shall have the right to defend any such claim or suit through counsel of its own choice.

15. **Insurance:** Licensee shall, throughout the term of this Agreement, including extensions, and for a period of two (2) years thereafter, obtain and maintain at its own cost and expense a third-party liability insurance policy with a recognized insurance carrier acceptable to USPS (such acceptance not to be unreasonably withheld), naming USPS and Equity Management Inc. ("EMI") as "Additional Named Insureds" or the like,

including a waiver of subrogation in favor of USPS and EMI. The amount of coverage shall be in accordance with the amount set forth in the Underlying Agreement. This insurance shall provide for at least sixty (60) days prior written notice to USPS and Licensee of the cancellation or any material change or modification in the terms and conditions of the policy. Licensee shall, not more than thirty (30) days after the signing of this Agreement and, thereafter, from time to time upon reasonable request by USPS, promptly furnish to USPS the requisite certificates of insurance, or, upon USPS's request, certified copies of said insurance policies, satisfactory to USPS, as to the maintenance of the insurance described above. Licensee shall not distribute or sell the Licensed Articles prior to receipt by USPS of such evidence of insurance.

16. Renewal: Until three (3) months prior to the expiration of the Initial Term of the Agreement, Licensee shall have the option to renew this Agreement for the First Renewal Term provided in the Underlying Agreement. Any renewal pursuant to this paragraph is subject to the following conditions: (i) this Agreement has not been terminated in accordance with the provisions hereof, and (ii) Licensee has met the conditions set forth in Exhibit D.

17. Notices: All notices and statements to be given and all payments to be made hereunder, shall be given or made at the respective addresses of the parties as set forth in the Underlying Agreement unless notification of a change of address is given in writing. Any notice shall be sent by registered or certified mail, and shall be deemed to have been given on the third business day after it is mailed.

18. Joint Ventures: Nothing herein contained shall be construed to place the parties in the relationship of partners or joint venturers or agents, and neither party shall have

the power to obligate or bind the other party in any manner whatsoever. Licensee warrants that no person or selling agency has been employed or retained to solicit or secure this Agreement upon an agreement or understanding for a commission, percentage, brokerage or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by Licensee for the purpose of securing business. For breach or violation of this warranty, USPS shall have the right to terminate this Agreement without liability or in its discretion, to recover the full amount of such commission, percentage, brokerage or contingent fee. No member of, or delegate to Congress, or resident commissioner, shall be admitted to any share or part of this Agreement or to any benefit that may arise therefrom; but this prohibition shall not be construed to extend to this Agreement if made with a corporation for its general benefit.

19. <u>Enforcement of Licensed Properties</u>:

a. Licensee agrees to cooperate with and assist USPS in protecting and enforcing USPS' rights to the Licensed Properties. Licensee shall promptly inform USPS of any infringement or other violations of the Licensed Properties that come to its attention. USPS shall have the sole right at its own expense to determine whether or not any action shall be taken on account of any such infringement or violations. USPS shall receive all amounts awarded as damages, profits, settlement proceeds or otherwise in connection with such claims or suits.

b. Licensee agrees not to contest or otherwise challenge or attack USPS' rights in the Licensed Properties or the validity of the license granted herein during the term of this Agreement and thereafter. Licensee further agrees not to do anything either by act of omission or commission that might impair, jeopardize, violate or infringe the Licensed Properties, or to misuse or bring into dispute the Licensed Properties.

c. Licensee shall not use any of the Licensed Properties as part of its company name, corporate name or trade name, and shall not attempt to register any of the Licensed Properties or confusingly similar marks or substantially similar designs in the Licensed Territory or elsewhere during the term of this Agreement or thereafter, or aid or abet anyone else in doing so.

d. The administrative and judicial defense of the Licensed Properties in the Licensed Territory shall be undertaken solely by USPS. Licensee agrees to furnish USPS or its designated legal representative with all proof and commercial, technical or other information or assistance required and which Licensee is able to furnish, as well as such other assistance as USPS or its lawyers may reasonably require for this purpose. Licensee shall, if requested by USPS, join USPS in the aforementioned administrative and judicial defense of the Licensed Properties, the cost of which shall be borne exclusively by USPS.

e. Licensee agrees to cooperate with USPS in any effort that USPS may deem advisable to record Licensee as a registered user or the like. Upon expiration or termination of this Agreement for any reason, Licensee shall similarly cooperate with USPS in expunging any such recordations that may exist. All expenses associated with such recording and expungement of recordations shall be borne by USPS.

20. No Assignment: This Agreement shall be binding upon and inure to USPS and its successors and assigns, but may not be assigned, transferred, or delegated by Licensee in whole or in part with respect to any right or obligation herein without the prior written consent of USPS, which consent shall not be unreasonably withheld. Any assignment without USPS consent shall be void. A transfer of the legal and/or beneficial ownership, whether by operation of law or otherwise, of more than 25% of the voting equity of Licensee (other than transfers of voting equity among the present shareholders or owners of Licensee) shall be deemed an assignment or transfer of the license hereunder that shall require the prior written consent of USPS.

21. Force Majeure: It is understood and agreed that in the event that an act of the government, or war conditions, or fire, flood or labor trouble in the factory of Licensee or in the factory of those manufacturing Licensed Articles, prevents the performance by Licensee of the provisions of this Agreement, then such nonperformance by Licensee shall not be considered as grounds for breach of this Agreement and such nonperformance shall be excused while the conditions herein prevail and for two (2) months thereafter.

22. **Miscellaneous:** This Agreement constitutes the entire Agreement and understanding between the parties hereto and terminates and supersedes any prior Agreement or understanding relating to the subject matter hereof between USPS and Licensee. USPS and Licensee are not relying upon any statements, warranties, or representations except those contained in this Agreement. The paragraph and other headings contained herein are for reference purposes only and will not affect the meaning of interpretation of this Agreement. None of the provisions of this agreement can be waived or modified except in writing signed by both parties, and there are no representations, promises, agreements, warranties, covenants or undertakings other than those contained herein.

23. **No Reliance On Other Representations:** The parties have not relied on any representations, promises, warranties, covenants, statements, or undertakings by the other party or its counsel other than those contained in this Agreement.

24. **Time Is Of The Essence:** Time is of the essence in this Agreement.

**Concurrence (Initial)** ______________

## EXHIBIT C -- FORM OF ROYALTY STATEMENTS
EQUITY MANAGEMENT INC.

SALES AND ROYALTY REPORT

**To:** Equity Management Inc.
Attn: Contract Administration
4365 Executive Dr., Suite 1000
San Diego, CA 92121

**From:** (Licensee) ______________________________

**Equity:** (Licensor) ______________________________

**Licensed Territory:** ______________________________
(Report required for each country in which the Licensed Products were sold)

**Quarter:** From: ____________ To: ____________

| (a) Item No. | (b) Description | (c) Unit Price | (d) Units Sold | (e) Total Unit Sales |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| (f) | Totals | | | |

( g ) Royalty Rate ________%; Total Earned Royalties $ ____________

( h ) Unapplied Advance at Quarter Start $ ____________

( i ) Difference; Subtract (h) from Line (g) $ ____________

( j ) Annual Guaranteed Royalties (divided by 4) $ ____________

( k ) Payment Accompanying this Report $ ____________
(pay greater of Line (i) or (j))

The above Report is certified to be true and correct by the above named Licensee

By: ____________

Name: ____________

Title: ____________

Date: ____________

USPS

1035

## EXHIBIT D -- RENEWAL TERMS

Type of Renewal: Automatic

Renewal Hurdle Minimum:

Licensee's Net Sales during the four quarters beginning 10/1/03 and ending 9/30/04 must generate a minimum of $60,000 in earned royalties in order for Licensee to qualify for an automatic renewal.

Number of Renewals: One

Renewal Term: Three Years

Special Renewal Conditions: Not Applicable

Renewal Term Earned Royalty Percentages: 8% of Net Sales.

Guaranteed Minimum Royalties:

The following Guaranteed Minimum Royalties for the Renewal Term shall be paid in equal quarterly installments:

| | | |
|---|---|---|
| Contract Period 4 | 1/1/05 – 12/31/05 | The greater of $60,000 or 75% of the royalties due for Contract Period 3. |
| Contract Period 5 | 1/1/06 – 12/31/06 | The greater of $70,000 or 75% of the royalties due for Contract Period 3. |
| Contract Period 6 | 1/1/07 – 12/31/07 | The greater of $80,000 or 75% of the royalties due for Contract Period 3. |

Renewal Licensed Properties:

Licensee shall submit to USPS by no later than July 1, 2004, a list of the 270 wholly-owned stamp designs that Licensee desires to use on the Licensed Articles during the Renewal Term. Said list must be in the form of the list set forth in Exhibit E. Approval of the list is in the sole discretion of the USPS. USPS shall notify Licensee of its decision concerning the list within 90 days of receipt thereof.

EXHIBIT E - STAMP DESIGNS

| Scott Catalog Number | Description | STATUS |
|---|---|---|
| 118 | Columbus Landing | Unknown |
| 121 | Shield, Eagle & Flag | Unknown |
| 805 | Martha Washington | Unknown |
| 873 | Booker T. Washington | Unknown |
| 902 | Thirteenth Amendment | Unknown |
| 929 | IWO Jima | Unknown |
| 948 | 100th Anniversary USP Stamp | Unknown |
| 967 | Clara Barton | Unknown |
| 972 | Indian Centennial | Unknown |
| 973 | Rough Riders | Unknown |
| 974 | Juliette Gordon Low | Unknown |
| 1051 | Susan B. Antony | Unknown |
| 1052 | Patrick Henry | Unknown |
| 1063 | Lewis & Clark Expedition | Unknown |
| 1074 | Booker T. Washington Home | Unknown |
| 1093 | School Teachers | Unknown |
| 1099 | Religious Freedom | Unknown |
| 1113 | Lincoln | Unknown |
| 1119 | Freedom of the Press | Unknown |
| 1154 | Pony Express | Unknown |
| 1155 | Employ the Handicapped | Unknown |
| 1178 | Fort Sumter | Unknown |
| 1179 | Shiloh | Unknown |
| 1180 | Gettysburg | Unknown |
| 1182 | Appomattox | Unknown |
| 1213 | George Washington | Unknown |
| 1236 | Eleanor Roosevelt | Unknown |
| 1239 | International Red Cross | Unknown |
| 1264 | Winston Churchill | Unknown |
| 1267 | Salvation Army | Unknown |
| 1285 | Albert Einstein | Unknown |
| 1290 | Frederick Douglass | Unknown |
| 1312 | The Bill of Rights | Unknown |
| 1344 | Register and Vote | Unknown |
| 1372 | W.C. Handy | Unknown |
| 1385 | Hope for the Crippled | Unknown |
| 1421 | Disabled American Veterans | Unknown |
| 1422 | US Serviceman | Unknown |
| 1438 | Prevent Drug Abuse | Unknown |
| 1439 | Care | Unknown |
| 1463 | PTA | Unknown |
| 1483 | Boston Tea Party (4) | Unknown |
| 1486 | Henry Ossawa Tanner | Unknown |

1037



Concurrence (Initial)

EXHIBIT E - STAMP DESIGNS

| | | |
|---|---|---|
| 1549 | Retarded Children | Unknown |
| 1554 | Paul L. Dunbar | Unknown |
| 1560 | Salem Poor | Unknown |
| 1595 | Liberty Bell | Unknown |
| 1686 | The Surrender of Lord Cornwalls at Yorktown | Unknown |
| 1687 | The Declaration of Independence, 4 July 1776 | Unknown |
| 1688 | Washington Crossing the Delaware | Unknown |
| 1689 | Washington Reviewing His Ragged Army | Unknown |
| 1726 | Members of Continental Congress | Unknown |
| 1744 | Harriet Tubman | Wholly Owned |
| 1787 | Seeing Eye Dog | Wholly Owned |
| 1788 | Special Olympics | Unknown |
| 1802 | Vietnam Veterans | Wholly Owned |
| 1804 | Benjamin Banneker | Unknown |
| 1824 | Helen Keller | Unknown |
| 1860 | Ralph Bunche | Unknown |
| 1865 | Charles Drew | Unknown |
| 1875 | Whitney Moore Young | Unknown |
| 1910 | American Red Cross | Unknown |
| 1926 | Edna St. Vincent | Unknown |
| 1927 | Alcoholism | Wholly Owned |
| 2039 | Voluntarism | Wholly Owned |
| 2044 | Scott Joplin | Unknown |
| 2073 | Carter G. Woodson | Unknown |
| 2103 | Hispanic Americans | Wholly Owned |
| 2109 | Vietnam Veterans | Wholly Owned |
| 2137 | Mary Mclead Bethume | Unknown |
| 2152 | Korean War Veteras | Unknown |
| 2153 | Social Security Act | Wholly Owned |
| 2154 | WWI Veterans | Wholly Owned |
| 2159 | Public Education | Wholly Owned |
| 2164 | Help End Hunger | Wholly Owned |
| 2168 | Margaret Mitchell | Unknown |
| 2169 | Mary Lyon | Unknown |
| 2203 | Sojourner Truth | Wholly Owned |
| 2211 | Duke Ellington | Unknown |
| 2216 | Presidents - sheet of 9 | Wholly Owned |
| 2217 | Presidents - sheet of 9 | Wholly Owned |
| 2218 | Presidents - sheet of 9 | Wholly Owned |
| 2219 | Presidents - sheet of 9 | Wholly Owned |
| 2223 | Matthew Henson | Wholly Owned |
| 2224 | Statue of Liberty | Unknown |
| 2249 | Pointe Du Sable | Wholly Owned |
| 2275 | United Way | Unknown |
| 2336 | Delaware | Wholly Owned |
| 2337 | Pennsylvania | Wholly Owned |
| 2338 | New Jersey | Wholly Owned |

1038



Concurrence (Initial)

EXHIBIT E - STAMP DESIGNS

| | | |
|---|---|---|
| 2339 | Georgia | Wholly Owned |
| 2340 | Connecticut | Wholly Owned |
| 2341 | Massachusetts | Wholly Owned |
| 2342 | Maryland | Wholly Owned |
| 2343 | South Carolina | Wholly Owned |
| 2344 | New Hampshire | Wholly Owned |
| 2345 | Virgina | Wholly Owned |
| 2346 | New York | Wholly Owned |
| 2347 | North Carolina | Wholly Owned |
| 2348 | Rhode Island | Wholly Owned |
| 2360 | Constitution Signing | Wholly Owned |
| 2371 | James Weldon Johnson | Unknown |
| 2567 | Jan E. Matzeliger | Unknown |
| 2616 | World Columbian | Wholly Owned |
| 2620 | Seeking Queen Isabella's Support | Wholly Owned |
| 2624 | First Sighting of Land | Wholly Owned |
| 2625 | Claiming a New World | Wholly Owned |
| 2626 | Seeking Royal Support | Wholly Owned |
| 2627 | Royal Favor Restored | Wholly Owned |
| 2628 | Reporting Discoveries | Wholly Owned |
| 2629 | Christopher Columbus | Wholly Owned |
| 2765 | WWII Turning the Tide | Wholly Owned |
| 2818 | Buffalo Soldiers | Wholly Owned |
| 3081 | Breast Cancer Awareness | Wholly Owned |
| 3121 | Benjamin O. Davis, Sr. (only as stamp)+C59 | Wholly Owned |
| 3125 | Helping Children Learn | Wholly Owned |
| 3136 | Dinosaurs | Wholly Owned |
| 3139 | Ben Franklin | Wholly Owned |
| 3175 | Kwanzaa | Wholly Owned |
| 3315 | Prostate Cancer | Wholly Owned |
| 1631a | Fife Player | Unknown |
| 2359a | Const. Bicentennial Issue | Wholly Owned |
| 2623a | First Voyage of Christopher Columbus | Wholly Owned |
| 2782a | 4 Sheet National Postal Museum | Wholly Owned |
| 2869q | Jim Beckwourth | Wholly Owned |
| 2966 | Prisoners | Wholly Owned |
| 2975b | Robert E. Lee | Wholly Owned |
| 2975c | Clara Barton | Wholly Owned |
| 2975d | Ulysses S. Grant | Wholly Owned |
| 2975e | Battle of Shiloh | Wholly Owned |
| 2975f | Jefferson Davis | Wholly Owned |
| 2975h | Frederick Douglass | Wholly Owned |
| 2975j | Abraham Lincoln | Wholly Owned |
| 2975k | Harriet Tubman | Wholly Owned |
| 2975m | Joseph E. Johnston | Wholly Owned |
| 2975o | Mary Chesnut | Wholly Owned |
| 2975p | Battle of Chancecellorville | Wholly Owned |

1039



Concurrence (Initial)

EXHIBIT E - STAMP DESIGNS

| | | |
|---|---|---|
| 2975q | William T. Sherman | Wholly Owned |
| 2975s | Stonewall Jackson | Wholly Owned |
| 2975t | Battle of Gettysburg | Wholly Owned |
| 3011a | Christmas | Wholly Owned |
| 3183b | Fed Res. System Eagle | Wholly Owned |
| 3183c | Dr. George Washington Carver | Wholly Owned |
| 3183i | Uncle Sam | Wholly Owned |
| 3183o | Child Labor Reform | Wholly Owned |
| 3185d | Eleanor Roosevelt | Wholly Owned |
| 3187f | School Desegregation Public | Wholly Owned |
| | Insects & Spiders (13) | Wholly Owned |
| E4 | Messenger Running | Unknown |
| E20 | Special Delivery | Unknown |

1040



Concurrence (Initial)