# Sterling, Winchester & Long, LLC

P.O. Box 211299
Martinez, Ga. 30907
(706) 833-1668
(706) 261-5664 Fax

753 Broad Street
Suite 404
Augusta, Ga. 30901
(706)262-2002
SWL@Long.net

US POSTAL SERVICE
JAN 0 2 2002
RECEIVED BY
OFFICE OF THE GENERAL COUNSEL

November 23, 2001

USPS
United State Postal Service
Licensing Program/Stamp Development
475 L'Enfant Plaza SW, Rm 4474E
Washington, DC 20260-2437

USPS Contract No. 102592-01-U-1173

Representative:
Equity Management Inc.
4365 Executive Drive, Ste. 1000
San Diego, CA 92121
Attn: Manager of USPS Licensing Program

US POSTAL SERVICE
JAN 0 1 2002
RECEIVED BY
OFFICE OF THE GENERAL COUNSEL

Certified Mail
7001 1940 0000 3912 3378

Dear USPS/EMI:

As you should be aware, Sterling, Winchester & Long, LLC (SW&L), by signature date January 4, 2001, entered into a United States Postal Service (USPS) License Agreement, by USPS Contracting Officer signature date January 31, 2001.

Pursuant to section 5 of the licensing agreement, the USPS Philatelic Catalog and USPS Philatelic Centers are agreed to channels of distribution for sale of SW&L USPS 2002 Calendar Series. From the original date that SW&L made request, February 16, 2001, to gain access to the channels of distribution the USPS/EMI has denied SW&L the right to place its product in those channels of distribution.

This letter is to again formally request immediate access, as per the license agreement, to the USPS Philatelic Catalog and USPS Philatelic Centers and to advise USPS/EMI that to denied Sterling, Winchester & Long, LLC access to USPS controlled channels of distribution is considered a <u>contractual breach</u> and violates the underline agreement.

Based on the conditions set out in the license agreement, SW&L has become financially exposed as a result of the USPS licensing agreement channels of distribution access commitment. We have been more than understanding and patient, even before September 11th, in our pursuit to place our product in those channels of distribution controlled by the USPS, while USPS/EMI continue to deny SW&L access.

EXHIBIT
B

Additionally, and in accordance with the licensing agreement, section 24 "Time Is Of The Essence" we have lost substantial time and sales opportunities as a result of the USPS/EMI continued efforts to deny SW&L access to the USPS controlled channels of distribution. Given our time sensitive product (USPS 2002 Calendar) and understanding that we made our first request to get into the USPS controlled channels of distribution in February of this year, represents a violation of what SW&L interpreted section 24 good faith intent.

We are requesting immediate resolution in this matter before further damage is done. We request that the USPS fulfill its obligations under section 5 of the SW&L/USPS license agreement without further delay. We are willing to have substantive discussions about resolution of damages as it relates to our current losses, but are not willing to have further stonewalling/delay discussions that continue to deny us our rights as per the USPS and SW&L agreement.

As a small business in this United States, we did not expect that the United States Postal Service would enter into a contractual agreement, where we as a small business paid a $50,000 Royalty Guarantee fee and is now obligated to pay USPS royalty percentage payments on revenue earn, while the USPS prohibits earnings as per the agreement, by refusing us (licensee) the right to exercise our contract rights to sell its product in the USPS venues, as prescribed above. We had unyielding confidence that our United States Postal Service was fare and just in its professional business dealings and especially with small businesses.

However, the at hand events surrounding this matter has weaken our resolve and faith by which we entered into contract. Nonetheless, we extend this opportunity for the United States Postal Service to rectify this situation and restore our trust in its commitment to honor our agreement in good faith under the written conditions set forth in the agreement.

We trust that our intent is clear and that immediate attention is given, as we do hope and appreciated.

Sincerely,

J.G. Long

## CERTIFICATE OF FILING

I hereby certify that on October 31, 2007, a copy of the foregoing Affidavit of John G. Long was filed electronically. I understand the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Frederick L Wright

Frederick L. Wright
Vaughn, Wright & Boyer LLP
One Paces West - Suite 1740
2727 Paces Ferry Road, N.W.
Atlanta, Georgia 30339
(770) 805-9889
(770) 805-9191 Fax